# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES S . LARSON,         :
:
     Plaintiff,         :
:
v.                :   CIVIL ACTION NO.
:   1:09-CV-1501-RWS
WARDEN GRAYER,       :
SHELBY WILKES, M .D ., AND  :
CARMEN BROWN, M.D.,    :
:
     Defendants.      :

## <u>ORDER</u>

This case comes before the Court on Defendant Shelby Wilkes, M.D.'s

Motion to Dismiss [15] and Defendant Loren Grayer's Motion to Dismiss [21].

After a review of the record, the Court enters the following Order.

## I.    Background

Plaintiff James Larson, appearing *pro se*, filed a suit on May 15, 2009

alleging medical malpractice and negligence on the part of Defendants for their

role in a cataract surgery performed in December 2002. Plaintiff alleges that

the surgery resulted in injury and blindness in his right eye. Defendants Shelby

Wilkes, M.D. and Warden Loren Grayer filed Motions to Dismiss Plaintiff's claims. Plaintiff failed to respond to Defendants' Motions to Dismiss.

First, it should be noted that as Plaintiff failed to respond, the Court could grant Defendants' motions on this ground alone; however, in the interest of justice, the Court will consider the merits of Defendants' motions.[1]

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41,

---

[1]Local Rule 7.1(B) states that failure to respond to a motion "shall indicate that there is no opposition to the motion." Thus, the Court must infer from Plaintiff's failure to respond to Defendants' motions that Plaintiff does not oppose the motions to dismiss.

2

45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."  Id. at 1965.  The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  Id.

## II.    Defendant Shelby Wilkes, M.D.'s Motion to Dismiss

Defendant Shelby Wilkes moves to dismiss Plaintiff's claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Defendant asserts that Plaintiff's negligence claim is barred for failure to comply with O.C.G.A. § 9-11-9.1, requiring the filing of an expert affidavit setting forth at least one act of negligence on the part of a defendant.  The issue of the applicability of §9-11-9.1 has not been resolved by the Eleventh Circuit Court of Appeals. See Brown v. Nichols, 8 F.3d 770, 774 (11th Cir. 1993) (not reaching "the question of whether Section 9-11-9.1 actually applies in federal court").  However, this Court has found that O.C.G.A. § 9-11-9.1 is inapplicable in federal court. Baird v. Celis, 41 F. Supp. 2d 1358 (N.D.Ga. 1995).  Based on this reasoning, Defendant Shelby Wilkes, M.D.'s Motion to Dismiss [15] is **DENIED**.

3

### III.  Defendant Loren Grayer's Motion to Dismiss

Defendant Grayer argues that Plaintiff's suit fails to state a claim under Fed. R. Civ. P. 12(b)(6) and should be dismissed.  Plaintiff pleads a cause of action premised on a theory of negligence and medical malpractice.  Plaintiff states that Defendant Grayer's role in allegedly contracting with the co-defendants to perform the cataract surgery subjects Grayer to liability.  Defendant Grayer correctly points out that the Federal Tort Claims Act (FTCA) is the vehicle for holding the federal government liable for certain torts committed by employees acting within the scope of their employment.  The language of 28 U.S.C. § 1346(b)(1) covers injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."  If the federal employee was acting within the scope of his employment, than the proper defendant in a FTCA action is the United States, not the individual employee. See 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

4

employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.")

Title 28 U.S.C. § 2679 §(d)(1) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.")  Here, the Attorney General has not provided a certification letter which would allow the Court to substitute the United States as the proper defendant in the case herein.  The question of whether an employee's conduct was within the scope of his employment "is governed by the law of the state where the incident occurred." S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1542 (11th Cir.1990).  At this stage of the litigation, the Court cannot determine that the United States is the proper party such that the cause of action against Warden Grayer should be dismissed.

Defendant further contends that Plaintiff's Complaint fails to meet the pleading requirements of Rule 8(a)(1). The Court recognizes that *pro se* pleadings are held to a less stringent standard and must be liberally construed. Trawinski v. United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002). Nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. Trawinski, 313 F.3d at 1297. A court's inquiry at this stage of the proceedings focuses on whether the challenged pleading "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Plaintiff has failed to allege facts that would support a claim for relief against Defendant Grayer. In light of Plaintiff's *pro se* status, the Court will afford him an opportunity to amend his Complaint to allege sufficient facts. Plaintiff is granted leave for twenty (20) days within which to file an amended complaint. The Court will **RESERVE RULING** on Defendant Loren Grayer's Motion to Dismiss [21].

## Conclusion

Based on the foregoing, Defendant Shelby Wilkes, M.D.'s Motion to Dismiss [15] is **DENIED**. The Court **RESERVES RULING** on Defendant

AO 72A
(Rev.8/82)

Loren Grayer's Motion to Dismiss [21].  Plaintiff Larson may file an amended complaint within twenty (20) days of this Court's Order.  The clerk shall resubmit this motion twenty (20) days after entry of this Order.

**SO ORDERED** this  23rd  day of November, 2009.

_RICHARD W. STORY_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)