**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JAMES S . LARSON,              :
                                    :
       Plaintiff,          :
                                      :
v.                          :     CIVIL ACTION NO.
                                    :     1:09-CV-1501-RWS
WARDEN GRAYER,          :
SHELBY WILKES, M .D ., AND   :
CARMEN BROWN, M.D.,      :
                                      :
       Defendants.      :

## <u>ORDER</u>

This case comes before the Court on Defendant Grayer's Motion to

Dismiss [21], Defendant Grayer's Second Motion to Dismiss [30], and

Defendant Wilkes' Motion for Summary Judgment [34].  After a review of the

record, the Court enters the following Order.

Plaintiff James Larson, appearing *pro se*, filed a suit on May 15, 2009

alleging medical malpractice and negligence on the part of Defendants for their

role in a cataract surgery performed in December 2002.  Plaintiff alleges that

the surgery resulted in injury and blindness in his right eye.

## I.      Motions to Dismiss

As an initial matter, the Court previously reserved ruling on Defendant Grayer's Motion to Dismiss [21] in an effort to afford Plaintiff an opportunity to amend his Complaint to allege facts supporting a claim against Defendant Grayer. (See Order dated November 23, 2009 [23].)  The filing of Plaintiff's Amended Complaint renders Defendant Grayer's first Motion to Dismiss moot. Accordingly,  Defendant Grayer's Motion to Dismiss [21] is **DENIED as moot**.

Plaintiff Larson has failed to file a response in opposition to Defendant Grayer's Second Motion to Dismiss [30].  Plaintiff has previously been instructed by the Court that failure to respond to a motion indicates that there is no opposition, and the Court may grant the motion. (See Order dated November 23, 2009 [23] at 2.)  Accordingly, Defendant Grayer's Second Motion to Dismiss [30] is **GRANTED**.  Plaintiff's claims are **DISMISSED** as to Defendant Loren Grayer.

## II.     Motion for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED.

AO 72A
(Rev.8/82)

R. CIV. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

Plaintiff alleges that Defendant Wilkes, an ophthalmologist, negligently performed eye surgery on Plaintiff in 2002.  The undisputed facts demonstrate that Dr. Wilkes performed the eye surgery on December 26, 2002 and last treated Plaintiff on September 8, 2003. (Dkt. No. [34] Statement of Material Facts.)  Plaintiff was incarcerated from December 2002 through June 2007. (<u>Id</u>.) Plaintiff originally filed this case on May 22, 2009.

Defendant Wilkes, M.D. moves for judgment as a matter of law on Plaintiff's medical malpractice claim on the basis that the claims: (1) are barred

3

AO 72A
(Rev.8/82)

by the two-year medical malpractice statute of limitations; (2) barred by the

two-year statue of limitations applicable for injuries to the person; (3) barred by

the five-year medical malpractice statute of repose; (4) lack the required expert

testimony regarding an alleged violation of the medical standard of care in this

medical malpractice case; and (5) lacks the required expert testimony

addressing causation. (Dkt. No. [34] at 2-3.)

In opposition, Plaintiff appears to contend that the statutes of limitations

and repose were tolled by either: (1) his period of incarceration in which he was

at the "mercy" of prison staff for medical treatment; (2) his alleged amputation

and eye injury; or (3) the continuous tort doctrine. (Dkt. No. [36].)

"An action for medical malpractice shall be brought within two years

after the date on which an injury or death arises from a negligent or wrongful

act or omission occurred." O.C.G.A. §9-3-71(a).  Accordingly, Plaintiff may

not recover for injuries arising from an action that occurred prior to May 22,

2007.

The Court does not find a basis for tolling of the applicable statue of

limitations.  The party seeking to invoke the tolling provisions of the statute of

limitations bears the burden of proof at trial. Milburn v. Nationwide Ins. Co.,

4

228 Ga.App. 398, 491 S.E.2d 848, 852 (1997).  Prior to July 1, 1984, O.C.G.A.

§ 9-3-90 tolled the running of statutes of limitation for "persons imprisoned."

However, the legislature, amended the statute, effective July 1, 1984, by

deleting prisoners from the groups of people protected by the tolling provision.

Since Plaintiff's alleged cause of action occurred after the statute was amended,

he is not protected by the tolling provision.  Further, Georgia tolls the limitation

period during periods of disability for persons who are legally incompetent

because of mental illness from which they suffer at the time the cause of action

accrues or thereafter, if such subsequent disability is not voluntarily caused or

undertaken by the person claiming the benefit thereof. O.C.G.A. §§ 9-3-90,

9-3-91.  Here, however, Plaintiff does not allege that he suffers from a mental

illness or disability.  Physical disability alone, in the case of amputation or eye

injury, does not toll the time limitation. Phillips v. Adams, 436 S.E.2d 567, 568

(Ga. Ct. App. 1993).  Finally, the continuous treatment doctrine is inapplicable

here because it is undisputed that Dr. Wilkes stopped seeing Plaintiff as a

patient on September 8, 2003.[1]  Accordingly, Plaintiff's medical malpractice

---

[1]The continuing treatment doctrine provides that,

"[i]f the treatment by the doctor is a continuing course and the patient's illness, injury or

claim against Defendant Wilkes may not be tolled and is barred by the statute of limitations.  Defendant Wilkes' Motion for Summary Judgment [34] is **GRANTED**.

### Conclusion

Based on the foregoing, Defendant Grayer's Motion to Dismiss [21] is **DENIED as moot**, Defendant Grayer's Second Motion to Dismiss [30] is **GRANTED**, and Defendant Wilkes' Motion for Summary Judgment [34] is **GRANTED**.

**SO ORDERED** this __17th__ day of September, 2010.

_____
**RICHARD W. STORY**
United States District Judge

---

condition is of such a nature as to impose on the doctor a duty of continuous treatment and care, the statute does not commence running until treatment by the doctor for the particular disease or condition involved has terminated-unless during treatment the patient learns or should learn of negligence, in which case the statute runs from the time of discovery, actual or constructive. [Cit.]"

Williams v. Young, 247 Ga.App. 337, 340, 543 S.E.2d 737 (2000), rev'd Young v. Williams, 274 Ga. 845, 846, 560 S.E.2d 690 (2002).  However, the continuing treatment doctrine has been found inapplicable in Georgia due to its conflict with O.C.G.A. 9-3-71(a).  Kaminer v. Canas, 282 Ga. 830, 832 (Ga. 2007).